IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD WILLIAMS,<br>    Plaintiff | : <br> : <br> : | No. 3:14cv1600 |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| KIMBERLY BARKLEY,<br>    Defendant | : <br> : | |

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Martin Carlson's report and recommendation (hereinafter "R&R") (Doc. 19), which proposes granting defendant's motion (Doc. 16) to dismiss plaintiff's amended complaint (Doc. 12) with prejudice for failure to state a claim upon which relief may be granted. The matter has been fully briefed and is ripe for disposition.

**Background**

After a state court conviction in 2008, plaintiff was sentenced to serve two to four years and initially had a maximum release date of March 3, 2012. (Doc. 12 at 3). He was paroled March of 2010. (Id.) Plaintiff was arrested for a new offense on September 8, 2011, which violated his parole. (Id.) Thus, he was returned to prison, and his original maximum date was recalculated and extended to June 22, 2013, to include the approximately eighteen months he was out on parole. (Id.) Plaintiff claims

that this new maximum release date violates his constitutional rights.

Plaintiff Bernard Williams filed the instant civil rights complaint on August 15, 2014. (Doc. 1)[1]. The initial complaint asserted that the Commonwealth of Pennsylvania Board of Probation and Parole ("BOPP") and BOPP Secretary Kimberly Barkley violated plaintiff's civil rights.

Chief Magistrate Judge Carlson submitted an R&R on August 18, 2014, recommending dismissal of BOPP as defendant. (Doc. 6). On August 29, 2014, plaintiff filed a motion to amend the complaint to dismiss defendant BOPP and proceed against defendant Barkley in her individual and official capacities. (Doc. 8). Plaintiff filed the amended complaint on September 30, 2014, mooting Chief Magistrate Judge Carlson's R&R. (Doc. 12).

Defendant Barkley moved to dismiss on November 19, 2014. (Doc. 16). After the parties briefed the matter, Chief Magistrate Judge Carlson issued a R&R on December 18, 2014. (Doc. 19). Plaintiff objected on January 6, 2015 bringing the case to its present posture. (Doc. 20).

---

[1] Defendant filed the instant action on his own behalf, *pro se*. A prisoner's *pro se* pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). We have kept this precept in mind as we have reviewed defendant's motion and briefs.

**Jurisdiction**

Plaintiff asserts a civil rights claim under 42 U.S.C. § 1983 (hereinafter "Section 1983"). The court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See also 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of

4

Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The court construed the *pro se* plaintiff's objections in their broadest possible sense, and eliminated the myriad frivolous arguments muddying the waters. A sole cogent point of contention remains: whether the magistrate judge has somehow misapplied Heck v. Humphrey, 512 U.S. 477 (1994).

Chief Magistrate Judge Carlson concludes that Heck is dispositive of the legal lynchpin of plaintiff's case; namely, that a parole violator may sue individual parole officials for their roles in a parole revocation decision, even though that decision has never been reversed or set aside. The magistrate judge's analysis is correct.

"In Heck, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of a conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). The Court of Appeals for the Third Circuit has read Heck to mean

that civil actions like plaintiff's, actions brought by state prisoners whose parole revocation decisions have not been set aside, "lack[] an arguable basis in law [since] Heck holds that a prisoner's civil rights suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated." Connoly v. Arroyo, 293 F. App'x 175, 177 (3d Cir. 2008) (citing Consovoy at 173).

Chief Magistrate Judge Carlson correctly states that plaintiff's amended complaint is based upon a "fundamentally flawed legal premise," and so it "fails as a matter of law." (Doc. 19 at 10).

The plaintiff also raises claims of "bias" on the part of the Chief Magistrate Judge. Plaintiff fails to demonstrate a single fact to substantiate these claims, and our careful review of the record reveals no bias. Chief Magistrate Judge Carlson's reasoning is sound. Plaintiff's arguments are meritless.

**Conclusion**

For the above-stated reasons, the court will overrule plaintiff's objections and adopt the R&R granting the motion to dismiss plaintiff's amended complaint with prejudice. An appropriate order follows.

DATE: 2/4/15

*[signature]*
JUDGE JAMES M. MUNLEY
United States District Court